### SUSSMAN v. ISSAC.
No. 71-178.
Civil Court of Record, Dade County.
January 27, 1971.

Robert C. Hertz, Miami, for the plaintiff.

Steven Rappaport, Legal Services of Greater Miami, Inc., for the defendant.

EDWARD S. KLEIN, Judge.

This cause came on to be heard before this court on the motion of the defendant to quash the summons and complaint.

On January 8, 1971, an officer of the public safety department, civil division, attempted to serve the defendant by posting the summons and complaint which had issued previously in this action on the door of the premises at which the defendant resides.

The uncontroverted testimony of the officer is that he knocked at the door and, upon receiving no answer, asked a neighbor if the defendant still resided at the premises. When the neighbor answered in the affirmative, the officer made no further inquiry as to the actual location of the defendant but merely posted the summons and complaint on the door of the premises at which the defendant resides.

F. S. 83.22 states as follows —

*"Removal of tenant; Service.*—If the defendant cannot be found in the county in which the action is pending and either he has no usual place of abode in the county or there is no person of his family above fifteen years of age at his. usual place of abode in the county, the sheriff shall serve the summons by attaching it to some part of the premises involved in the proceedings."

It appearing to the court that the officer who served the summons and complaint made no effort to find the defendant in the county, and the court being otherwise fully advised in the premises, it is ordered and adjudged that the motion to quash the summons and complaint which issued heretofore in the above styled action be and the same is granted.